## CIRCUIT COURT OF THE CITY OF RICHMOND

Steven M. Wallach

v.

Cellar Door Concerts of Va., Inc.

March 13, 1987

Case No. LJ-1745-3

By JUDGE MELVIN R. HUGHES, JR.

This case came on for hearing on September 29, 1986, on defendant's Demurrer. At that time the Court heard argument. Counsel for defendant later on moved the Court to allow defendant leave to withdraw the demurrer and file pleadings in response within 21 days. Plaintiff opposed this request and moved the court to reconsider the previous Motion to Reconsider Motion to Set Aside the Default Judgment in this case.

I am of the view that the Demurrer ought not to be withdrawn. Accordingly, leave to do this is denied.

I am also of the view that the Demurrer be sustained and the Motion to Reconsider denied.

This case involves a claim for personal injury resulting from plaintiff's attempt to safeguard property about to be stolen by a thief in an unruly crowd at a night club. Plaintiff was a tour director of a concert group which had been engaged to furnish music for entertainment.

When the pleadings are contested by demurrer, the allegations are given as true. Considering the cases plaintiff cites and the allegations in the Motion for Judgment, plaintiff asserts there is a duty owed him arising from a contract between the corporate entity providing the entertainment and the defendant, also a corporation. Plaintiff was not a party to the contract. In an addendum to the original contract, according to the

Motion for Judgment, defendant is to "provide adequate security for Prine's property." According to the Motion for Judgment, by "custom and practice in the industry," this duty to provide security for property extends to plaintiff, personally.

*Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985), states:

> A demurrer admits the truth of all material facts that are properly pleaded. Under this rule, the facts admitted are (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged. *Ames v. American National Bank*, 163 Va. 1, 37, 176 S.E. 204, 215 (1934) (footnote omitted).

The contract, if in writing, is not attached to and incorporated in the Motion for Judgment. There is no allegation that it is ambiguous or uncertain such that custom and usage have to be looked to explain it and determine the intent of the parties. *Knox Stove Works, Inc. v. R. P. Wall*, 180 Va. 267, 271 (1942). As alleged, the contract terms are plain and direct and do not thereby encompass a contractual duty to provide security to plaintiff's person.

While plaintiff argues § 8.2-318, Code of Virginia of 1950, as amended, disallows lack of privity as a defense in tort claims, this means a contract is irrelevant where there is otherwise a pre-existing duty owed to third parties regarding managing dangerous forces.

Considering all the cases plaintiff cites in its memorandum in opposition to the demurrer I must note there are no Virginia cases, and I have not found any, that hold there is a duty owed to a rescuer of imperiled property. The Virginia case plaintiff cites for the proposition of a contractual implied promise to protect against criminal acts of third parties involved a railroad's duty as a common carrier to a female plaintiff passenger who was raped after being let off a train at a place between stations known to be frequented by unsavory characters. *Hines v. Garrett*, 131 Va. 125 (1921).

While there is ample authority for a common law non-contractual duty in other jurisdictions, I cannot find that plaintiff has pled sufficiently here any duty in law which allows him recovery in this Commonwealth.

Accordingly, counsel for defendant is directed to provide a suitable draft for Order sustaining the demurrer and allowing for the filing of an Amended Motion for Judgment within fifteen days and for defendant's response within ten days of service. The draft should note plaintiff's exceptions to the Court's rulings.